Peck, J.
delivered the opinion of the court.
This court sees no reason to depart from the principle of the case of M’Alister and Montgomery, 3 Haywood’s Reports, 94, and therefore, adopts the opinion of the Chancellor delivered in the court below.
The decree will be corrected only so far as relates to the mode of disposing of the estate, as the parties have submitted it to the court of chancery. The officer of that court, or a commissioner appointed for that purpose, should conduct the sale, especially as it may save a sacrifice of the estate by placing it in a condition that Woods *22 might become a purchaser, which he could not do were he to conduct the sale. The cause will be remanded for further proceedings.
The following is the opinion of Chancellor -Reese, referred to and adopted by the supreme court in the foregoing opinion.
The question submitted to the court by the complainants and defendants, is, whether the real estate of the firm of Yeatman, Woods & Co. is to be considered and distributed as personal stock, as between the surviving partners, the heirs and the widow.
The progress of trade and manufactures, and a more complicated and artificial state of society, imposed, long since in England, upon the courts, the necessity of relaxing some of the stern features of the feudal system in reference to land. This was first shown as to the property in fixtures for the purposes of trade as between landlord and tenant, and then as between heir and executor; next, in relation to real estate, constituting the basis or substratum of a partnership business; till at length, notwithstanding the opposing judgments of Lord Thurlow and Sir William Grant, reported in 3 Brown’s C. R. 199, and 7 Ves. 453, and 9 Ves. 500, the opinion seems to have been settled by Lord Eldon, and by the House of Lords, not only that real estate owned by a partnership, and necessary to the carrying it on, shall be deemed partnership stock, and be treated as personalty, but that any real estate purchased with the partnership funds and in the partnership name, shall be considered and treated in the same manner.
The American decisions on this subject have differed; some, as in the cases in 15 Johnson’s Rep. 159, and 11 Massachusetts, 469, following the cases above referred to in 3 Brown’s C. R. 199, and 7 Ves. 453, and 9 Ves. 500; and others, as the cases in 4 Munford, 316, and 7 *23 Connecticut, 11, adopting the later decisions in England, reported m 1 Swanston, 508, 521, and 2 Dow's P. C. 242. Chancellor Kent, a very high authority on such a subject, in the third volume of his Commentaries, page 14, &c. strongly supports the correctness of the latter opinions. And indeed it would seem, that the character of our pursuits, daily becoming moie commercial, and requiring, from the great scarcity of capital, an aggregation of the capital of many, in companies, to carry on successfully important branches of trade; and the character, too, of our laws and institutions, which deprives that favorite of the feudal system, the heir, of most of his advantages, would present fewer obstacles than in England, to considering and treating real estate purchased with partnership funds, and used for partnership purposes, as personal stock. That it should be so treated, I incline to think, and would so decide, but for what is said in the case of M’Alister vs. Montgomery, 3 Hay. Rep. 94-5, &c. It is true, it was only incumbent upon the court, \ from the facts in that case, to determine whether a surviving partner could convey, in virtue of his survivorship, a good title to the entire real estate which belonged to the firm, and what is said beyond that may be regarded, perhaps, as obiter. But the court were fixing a construction upon the 6th section of the act of 1784, chapter 22, for the first time, and were, it would seem, unanimous; and it is safe and proper, therefore, that a subordinate court should yield its individual opinion. If the question were open, I should consider that the section referred to only directs that when the original agreement of partnership provides that the stock, real or personal, shall go to the heir, executor or administrator, it shall go as provided for; ..and where no such provisions exist, it shall be “accounted for in the same manner as partnership stock is usually settled between joint merchants or the representatives of their deceased partners.” The section in question is treating of real estate; and if the word heirs is used, so *24 are the words executors, administrators and assigns. But, T , .... . ... , as 1 nave said, it is my duty perhaps to surrender my own opinion, and I do so.
By the very authority, however, of the case referred to on the main point of it, the surviving partners in this case would have the power, if it'be desirable, to sell the real estate in question, unless the admission in the answer, that it is not necessary to do so in order to pay debts, should operate against it. And there are two grounds, if proper allegations were made in the bill, upon which this court might do so on behalf of the complainants. 1st. If it were obviously for the interests of the complainants, who are minors. 2d. If the property be of a character not to be partible between the claimants.